**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Brent Lake | * | |
| 247 N. Broadway | | |
| Lebanon, Ohio 45036 | * | |
| | | |
| On behalf of himself and other | * | Case No. 1:17-cv-510 |
| members of the general public | | |
| similarly situated, | * | JUDGE |
| | | |
| Plaintiff, | * | MAGISTRATE JUDGE |
| | | |
| v. | * | **JURY DEMAND ENDORSED HEREON** |
| | | |
| S & O Gold, Inc. d/b/a Gold Star Chili | * | |
| 10 Dave St. | | |
| Lebanon, Ohio 45036 | * | |
| | | |
| & | * | |
| | | |
| Myranna Tuiemeh | * | |
| 10 Dave St. | | |
| Lebanon, Ohio 45036 | * | |
| | | |
| Defendants. | * | |

<u>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT AND OHIO LAW**</u>

Plaintiff Brent Lake ("Plaintiff" "Named Plaintiff" "Lake"), on behalf of himself and all

others similarly situated, and on behalf of the class that Plaintiff seek to represent (collectively the

"Putative Class" or the "Putative Class Members"), brings this action against S & O Gold, Inc.

d/b/a Goldstar Chili ("Goldstar" or "Defendant Goldstar"), an Ohio Corporation, and Myranna

Tuiemeh ("Defendant Tuiemeh" "Myranna") (together hereinafter "Defendants") seeking all

available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,*

the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* (the "Ohio Wage Act"), the Ohio

Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred

1

to collectively as the "Ohio Acts") and the Ohio Constitution, Oh. Const. Art. II, §34a (the Ohio Acts and Oh. Const. Art. II, §34a will be referred to collectively as the "Ohio Wage Laws"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, the OPPA, and the Ohio Constitution, Oh. Const. Art. II, § 34a are brought as a class action pursuant to O.R.C. § 4111.14(K). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## NATURE OF SUIT

1.    Plaintiff, on behalf of himself and all others similarly situated, seeks to recover minimum wages owed to them pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff alleges that Defendant employer has violated 29 U.S.C. § 203(m) of the FLSA, which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. First and foremost, an employer is not eligible to take a tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the FLSA.[1] Second, an employer may only make use of a tip credit only if the employee: (i) received at least that amount in actual tips; and (ii) the employees received at least a minimum wage for all hours worked in the event the tips do not amount to a minimum wage. *See* 29 C.F.R. § 531.59(b). Employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. Defendant was not entitled

---

[1] i.e. the amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *See* 29 C.F.R. § 531.59(b).

to apply a tip credit toward the Plaintiff's or other similarly situated employees' minimum wages, as Defendants failed to satisfy (3)m of the FLSA in at least two main respects: (1) Defendants did not inform or explain to their employees the tip credit notice provisions; and (2) Defendants unlawfully claimed the maximum tip credit when Named Plaintiff and other similarly situated employees did not receive at least the tip credit amount in actual tips during all hours worked and Defendants did not pay the balance to assure the employees receive at least a minimum wage, thereby resulting in unpaid minimum wages.[2]

2.  In addition, and apart from Defendants' violation of the tip credit provisions, Named Plaintiff and other similarly situated employees spent more than 20% of their time performing non-tipped duties and were not paid the full minimum wage for such hours.

3.  Furthermore, in the alternative, Defendants failed to pay Named Plaintiff and those similarly situated, who customarily and regularly receive tips, the proper Ohio minimum tip credit wage rate in the amount of $4.08 per hour since the increased amount beginning in 2017 to the present. Rather, Defendants compensate and/or compensated Named Plaintiff and those similarly situated at a rate of $4.05 per hour. Consequently, Defendants took a tip credit in excess of the maximum permitted in 2017.

4.  Plaintiff, on behalf of himself and all others similarly situated, attach supplementary state law claims in which Plaintiffs seek to recover minimum wages owed to them pursuant to the Ohio Wage Laws.

---

[2] Upon information and belief, Defendants arbitrarily represented on payroll records that Named Plaintiff and others similarly situated received tips equivalent to the difference between the tipped wage and the minimum wage, which did not actually occur. Regardless, the minimum wage amount still falls below Ohio's minimum wage of $8.15 per hour.

## I.    JURISDICTION AND VENUE

5.    This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

6.    This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

7.    Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiff and others similarly situated in Warren County, which is in this judicial district, a substantial part of the events or omission giving rise to the claim occurred in this judicial district, and Defendants have done substantial business in this judicial district.

## II.    THE PARTIES

8.    Named Plaintiff Brent Lake is an adult individual residing in Warren County, Ohio.

9.    Lake was employed by Defendants from approximately September 2016 until February 2017 as a server.

10.    At all times relevant, Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

11.    Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated, and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Part Plaintiff*, attached hereto as **Exhibit A**).

12. Defendant S & O Gold, Inc. d/b/a Goldstar Chili ("Goldstar" or "Defendant") is a for-profit corporation incorporated in the State of Ohio and can be served through its statutory agent, Myranna Tueimeh, 10 Dave St., Lebanon, Ohio 45036, which is located in Warren County, Ohio.

13. Defendant Myranna Tueimeh ("Myranna") owns and operates Defendant Goldstar restaurants including the location at 10 Dave St., Lebanon, Ohio 45036. She is also Defendant Goldstar's statutory agent.

14. Defendants are actively doing business, jointly and individually, in this judicial district. Defendants are and have been, jointly and individually, each an "employer" as that term is defined by the FLSA, the Ohio Wage Acts, and Ohio Constitution Art. 2 § 34a.

15. During relevant times, Defendants jointly maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including minimum wage compensation.

16. During relevant times, Defendant Goldstar and Myranna have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

17. During relevant times, Defendants did not act entirely independent of each other and have not been completed disassociated with respect to the work of Plaintiff and other similarly situated employees.

18. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

19. During relevant times, Defendants jointed acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

20. Upon information and belief, Defendants jointly operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

21. During relevant times, Defendant Myranna has jointly owned, operated, and/or managed Defendant Goldstar.

22. During relevant times, Defendant Myranna has been jointly involved in the operational decisions of Defendant Goldstar.

23. During relevant times, Defendants have been involved in the employment decisions of Named Plaintiff, including, but not limited to, decisions about Defendants' wage and hour policies and practices that affect Named Plaintiff and all other similarly situated employees.

24. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. COLLECTIVE ACTION ALLEGATIONS

#### A. 216(b) Collective Action for Unpaid Minimum Fair Wages and other Wages.

25. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants working in a tipped position for which a tip credit was applied at any time during the previous three years (the "§216(b) Class" or the "§216(b) Class Members").

26. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid statutory minimum wages, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff,

numerous putative §216(b) Class Members have been denied proper minimum fair wages due to Defendants' company-wide payroll policies and practices. Named Plaintiff is representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

27. The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

28. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which §216(b) Class is entitled.

29. Plaintiff is similarly situated to §216(b) Class Members and will prosecute this action vigorously on their behalf.

30. During all times material to this Complaint, Defendants have paid Plaintiff and the §216(b) Class Members, as defined *infra*, a base wage[3] while attempting to utilize a tip credit to satisfy its obligation of paying Plaintiff and the §216(b) Class Members the federally established minimum wage. Upon information and belief, the wage rates paid by Defendants to Plaintiff and the §216(b) Class Members in workweeks during the relevant time period have been at or below the full minimum wage rate.

31. Defendants failed to inform its employees of the required tip credit provisions prior to taking a tip credit. See 29 USC §203(m) and 29 CFR §531.59(b).

---

[3] As used herein, the term "base wage" refers to the wages actually paid to an employee and does not refer to any tips received or used by the employer as a credit toward its obligation of satisfying the minimum wage.

32. Defendants, by violating the tip credit provisions of the FLSA, is and was not permitted to avail itself of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and the §216(b) Members at a sub-minimum wage rate in workweeks during the relevant period, Defendants violated §§ 203(m) and 206 of the FLSA.

33. During the same time, the tip credit claimed by Defendants exceeded the amount of tips actually received by Plaintiff and the §216(b) Class Members. In such instances, Defendants did not pay Plaintiff and the §216(b) Class Members the difference to ensure their employees received at least minimum wage.

34. Additionally, during all times material to this Complaint, Named Plaintiff and the §216(b) Class Members spent more than 20% of their time performing non-tipped duties, but were not paid the full minimum wage for such hours. Plaintiff and the §216(b) Class Members non-tipped job duties, included but were not limited to: drive-thru, cleaning and wiping restaurant counters, preparing food, cashier job duties, among other miscellaneous non-tipped work.

35. Finally, at times, Defendants unlawfully reduced Named Plaintiff's and the §216(b) Class Members' compensable hours worked further resulting in the failure to pay minimum wage.

36. As a result, Defendants failed to pay Plaintiff and the §216(b) Class Members the full minimum wage for the non-tipped work referenced above in workweeks during the relevant time period.

37. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay minimum wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and the §216(b) Class Members.

**B. Ohio Revised Code § 4111.14(K) Ohio Collective Action for Unpaid Minimum Wages.**

38. Named Plaintiff brings his Ohio Wage Act claims pursuant to O.R.C. § 4111.14(K) as an Ohio Collective Action, respectively, on behalf of himself and all other members of the following class:

> All current and former hourly, non-exempt employees of Defendants working in a tipped position for which a tip credit was applied at any time during the previous three years (hereinafter "Ohio 4111.14(K) Collective Action Class" or "Ohio 4111.14(K) Collective Action Class Members").

39. Collective action treatment is appropriate because Plaintiff and the Ohio 4111.14(K) Collective Action Class have been subjected to Defendants' common business practices of failing to provide a tip credit notice and failing to pay minimum wage, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants paid Named Plaintiff and the Ohio 4111.14(K) Collective Action Class the full minimum wages for all hours worked in a workweek.

40. The Named Plaintiff and the Ohio 4111.14(K) Collective Action Class have been similarly affected by the violations affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy or plan to avoid paying all earned minimum wages.

41. Plaintiff is similarly situated to the Ohio 4111.14(K) Collective Action Class and will prosecute this action vigorously on their behalf.

42. This collective action is properly brought pursuant to the collective action procedures of O.R.C. § 4111.14(K), because Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members are similarly situated in that they have been subjected to Defendants' commonly applied policy and/or practice of failing to pay minimum wage for all hours worked in a workweek as a

result of (1) not informing or explaining to them that Defendants would be taking a tip credit; (2) unlawfully claiming in excess of the maximum tip credit even though Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members in 2017; (3) unlawfully claiming the maximum tip credit even though Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members did not receive at least the tip credit amount in actual tips and Defendants did not pay the balance to assure its employees received at least a minimum wage, resulting in unpaid minimum wages; (4) not paying them for all hours worked.

43. The success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants paid Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members at least minimum wage for all hours worked in a workweek.

44. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay minimum wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members.

45. Named Plaintiff will vigorously prosecute these claims on behalf of other similarly situated employees.

## COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES)

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. Defendants jointly employed the Named Plaintiff and the § 216(b) Class.

48. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

49. The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

50. During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the § 216(b) Class Members.

51. During relevant times, the Named Plaintiff and the §216(b) Class Members were not exempt from receiving FLSA minimum wage benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

52. During all times material to this Complaint, Defendants were jointly an "employer" covered by the minimum wage requirements set forth in the FLSA. 29 U.S.C. § 203(d).

53. During all times material to this Complaint, Plaintiffs and the §216(b) Class Members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

### Violations of the Tip-Credit Provision

54. The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. *See* 29 U.S.C. § 203(m).

55. In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

56. First, the FLSA requires that an employer is not eligible to take a tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the FLSA. *See* 29 C.F.R. § 531.59(b); 29 U.S.C. § 203(m).

57. During all times material to this Complaint, Defendants did not inform or explain to Named Plaintiff or the §216(b) Class Members that it will being taking a tip credit.

58. Second, an employer may only make use of a tip credit only if the employee (i) received at least that amount in actual tips; and (ii) the employees received at least a minimum wage for all hours worked in the event the tips do not amount to a minimum wage. *Id*.

11

59. During relevant times, Defendants unlawfully utilized the tip credit, thereby failing to pay a minimum wage to Plaintiff and the §216(b) Class Members, even though it knew or should have known that: (i) it failed to provide the proper tip credit notice; (ii) its employees did not receive actual tips in an amount at least equal to the tip credit applied; and (iii) Defendants did not pay the balance to assure Plaintiff and the §216(b) Class Members received at least a minimum wage for all hours worked.

60. Third, an employer may not utilize the tip credit provision when the employees are not engaged in performing tipped duties. *See*, *e.g.*, 29 C.F.R. § 531.59(b). At all times material to this Complaint, the amount of time Plaintiffs and the §216(b) Class Members spent performing the above-referenced non-tipped duties has exceeded 20% of their total working time during the relevant shifts.

61. During relevant times, Defendants similarly failed to pay Plaintiff and the §216(b) Class Members the full minimum wage for hours in which they were not eligible to receive tips because they were not primarily performing non-tipped job duties, including but not limited to: drive-thru, cleaning and wiping restaurant counters, preparing food, cashier job duties, among other miscellaneous non-tipped work.

62. Defendants, by violating the tip credit provisions of the FLSA, were not permitted to avail themselves of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and §216(b) Class Members at a sub-minimum wage rate in workweeks during the relevant period, Defendants violated §§ 203(m) and 206 of the FLSA.

63. Furthermore, Defendants have jointly engaged in wage theft in the form of reducing Named Plaintiff's and the §216(b) Class Members' compensable hours.

64. Defendants' conduct was willful, in the sense that Defendants knew or should have known that the preceding described actions violated the FLSA.

12

65. Accordingly, Defendants have violated Sections 203(m) and 206 of the FLSA through engaging in the above proscribed actions.

66. The exact total amount of compensation that Defendants have failed to pay the Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

67. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Class Members.

<u>**COUNT II**</u>
**(MINIMUM WAGE VIOLATIONS OF THE OHIO WAGE ACT AND THE OHIO CONSTITUTION)**

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

70. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were covered employees entitled to the Ohio Wage Act's protections.

71. During relevant times, Defendants were entities covered by the Ohio Constitution Art. II, § 34; and the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

72. During relevant times, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

73. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not exempt from receiving the Ohio minimum wage because, *inter alia*, they were

not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq*.

74. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not exempt under any other exemption.

75. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were jointly employed by Defendants.

76. During all times material to this complaint, Defendant has been an employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the Ohio Constitution's mandates.

77. Article II, Section 34a of the Ohio Constitution permits an employer to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the Ohio Constitution's established minimum wage.

78. The tip credit is only available to the employer for the hours in which the employer is able to demonstrate that an employee receives tips that, combined with the wages paid by the employer, are equal to or greater than the minimum wage rate established by Article II, Section 34a of the Ohio Constitution. *See*, *e.g.*, OHIO CONST. Art. II, Sec. 34a; 29 C.F.R. § 531.59(b).[4]

### **Tip Credit Violations Resulting in Unpaid Minimum Wages**

79. First, an employer may only make use of a tip credit only if the employee (i) received at least an amount equal to the tip credit in actual tips; and (ii) received at least minimum wage for all hours worked in the event the tips do not amount to minimum wage.

---

[4] That section states in pertinent part, "An employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked."

80. During relevant times, Defendants unlawfully utilized the tip credit, thereby failing to pay a minimum wage to Plaintiff and the Ohio 4111.14(K) Collective Class Members, even though it knew or should have known that (i) its employees did not receive at least that amount in actual tips; and (ii) Defendants did not pay the balance to assure Plaintiff and the Ohio 4111.14(K) Collective Class Members received at least minimum wage for all hours worked.

81. In addition, at all times material to this Complaint, the amount of time Plaintiffs and Ohio 4111.14(K) Collective Class Members spent performing the above-referenced non-tipped duties has exceeded 20% of their total working time during the relevant shifts.

82. During relevant times, Defendants similarly failed to pay Plaintiff and the Ohio 4111.14(K) Collective Class Members the full minimum wage for hours in which they were not eligible to receive tips because they were not primarily performing non-tipped job duties, including but not limited to: drive-thru, cleaning and wiping restaurant counters, preparing food, cashier job duties, among other miscellaneous non-tipped work.

83. Furthermore, in 2017 Defendants took in excess of the maximum tip credit permitted under Ohio law by compensating Named Plaintiff and the Ohio 4111.14(K) Collective Class Members at a rate less than the tipped minimum wage.

84. Finally, Defendants have engaged in wage theft in the form of reducing Named Plaintiff's and the Ohio 4111.14(K) Collective Class Members' compensable hours.

85. Because Defendants violated the Ohio Wage Act's and the Ohio Constitution's minimum wage requirements, a three (3) year statute of limitations applies to such violation, pursuant to O.R.C. § 4111.14(K).

86. The exact total amount of compensation that Defendants have failed to pay the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members is unknown at this time, as many of

the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

87. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members have suffered and continue to suffer damages in an amount to be determined at trial. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio 4111.14(K) Collective Class Members.

## COUNT III
## (VIOLATIONS OF THE OHIO PROMPT PAY ACT)

88. All of the preceding paragraphs are realleged as if fully rewritten herein.

89. During all times relevant, Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were jointly employed by Defendants.

90. During relevant times, Defendants were entities covered by the OPPA.

91. The OPPA requires that the Defendants pay Named Plaintiff and the Ohio 4111.14(K) Collective Class Members all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

92. During relevant times, Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not paid wages, either a minimum wage or overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

93. Named Plaintiff's and the Ohio 4111.14(K) Collective Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

94. Named Plaintiff and the Ohio 4111.14(K) Collective Class Members have been harmed and continue to be harmed by Defendants acts or omissions described herein.

95. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

96. All of the preceding paragraphs are realleged as if fully rewritten herein.

97. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq.*

98. During times material to this complaint, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

99. Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were covered employees entitled to the protection of the Ohio Wage Act.

100. During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio 4111.14(K) Collective Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and Ohio 4111.14(K) Collective Class Members worked each workday and within each workweek.

101. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## IV.    PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff, on behalf of himself and all members of the §216(b) Class, prays for relief as follows:

17

A.     Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

B.     A declaratory judgment that Defendants' wage and hour policy and practice alleged herein, jointly and severally, violate the FLSA;

C.     An Order certifying the proposed §216(b) Class;

D.     Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

E.     An Order directing Defendants to pay reasonable attorneys' fees and all costs associated with this action;

F.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.     An injunction prohibiting Defendants from engaging in future FLSA violations;

H.     Prejudgment interest and any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I.     Such other and further relief as this Court deems necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff, on behalf of himself and all members of the Ohio 4111.14(K) Collective Action Class, prays for relief as follows:

A.     A declaratory judgment that Defendants' wage and hour policy and practice alleged herein, jointly and severally, violate the Ohio Wage Acts and the Ohio Constitution;

B.      An order for injunctive relief ordering Defendants to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Acts and the Ohio Constitution, and requiring Defendants to follow such laws going forward;

C.      An Order certifying the proposed Ohio 4111.14(K) Collective Class Members under Ohio Rev. Code §4111.14(K) and the Ohio Constitution;

D.      Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage owed to Named Plaintiff and the Ohio 4111.14(K) Collective Class Members during the applicable statutory period under Ohio Rev. Code §4111.14 and the Ohio Constitution;

E.      Judgment against Defendants, jointly and severally, for all unpaid Ohio minimum wage and any liquidated damages allowed by Ohio law for Plaintiff and all other similarly situated employees, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

F.      Treble damages, including but not necessarily limited to liquidated damages provided O.R.C. §4111.14(J), prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

G.      Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio 4111.14(K) Collective Class Members during the applicable statutory period;

H.      An Order directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

I.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.      Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

K.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts IV**, Plaintiff, on behalf of himself and the Ohio 4111.14(K) Collective Class Members, prays for relief as follows:

A.      Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

B.      A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein, jointly and severally, violate the Ohio Wage Laws, specifically O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H) and the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2 *et seq.*

C.      An Order permitting the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members to prove the actual hours worked by reasonable inference; and

D.      An Order directing Defendants to pay reasonable attorney's fees and all costs connected with this action.

Respectfully Submitted,

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/  *Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)